| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>1777 SIXTH Street<br>Boulder, Colorado 80302 | EFILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: Jul 8 2011 4:12PM MDT<br>Filing ID: 38597777<br>Review Clerk: N/A |
| Plaintiffs: ROSE BUD CATERING AND ROSALIE ASEBEDO<br><br>v.<br><br>Defendants: STREET EATS LIMITED AND BEST VENDORS MANAGEMENT AND HOME DEPOT, U.S.A., INC. | Case Number: 11 CV 713<br><br>Courtroom P |
| Attorneys for Plaintiffs:<br>Glenn F. Younger, Reg. No. 11831<br>5900 East Colfax Avenue, Suite 200<br>Denver, Colorado 80220<br>Phone Number: (720) 226-5761<br>E-mail: glenn.younger@yahoo.com | |
| **TEMPORARY RESTRAINING ORDER** | |

**THE COURT** having considered the complaint, Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, the supporting allegations, evidence, testimony and exhibits, and being sufficiently advised in the premises, enters the following findings and order:

DOTH FIND:

The Court has jurisdiction, the Plaintiff having filed a complaint on July 8, 2011 alleging irreparable harm and is requesting a Temporary Restraining Order causing the Defendants cease and desist terminating the Plaintiffs' business operation at Home Depot locations.

1. The Plaintiffs, Rose Bud Catering, a Colorado Company and its Owner, Rosalie Asebedo, who is also individually making claims, is the Food Service Operator of two (2) separate food stands located at two (2) Home Depot Stores, which are numbered and addressed as follows: Store Number 1532, addressed as 3870 Quebec Street, Denver, Colorado 80207 and Store Number 1521, addressed as 393 South Hover Road, Longmont, Colorado 80501. The Plaintiffs provide and sell food to customers of Home Depot at these two Home Depot locations and the North East Denver Community.


EXHIBIT 6

2. Defendant, Street Eats Limited, upon information and belief is a Minnesota and part of a Delaware Corporation, whose address is 700 Meadow Lane North, Suite 404, Minneapolis, Minnesota 55422. Defendant, Street Eats Limited is not authorized to conduct business, including contracts in the State of Colorado and does not have a registered Agent listed with the Office of the Colorado Secretary of State. Upon information and belief, this Company was delegated or assigned authority to enter into Food Service Operator Agreements by the Home Depot U.S.A, Inc.

3. Defendant, Best Vendor's Management, upon information and belief is a Minnesota and part of a Delaware Corporation, whose address is 700 Meadow Lane North, Suite 404, Minneapolis, Minnesota 55422. Upon information and belief, this Company is associated with the Defendant, Street Eats Limited, who was delegated or assigned authority to enter into Food Service Operator Agreements, by the Defendant, Home Depot, U.S.A., Inc.

4. Defendant, Home Depot, U.S.A., Inc. upon information and belief is a Delaware Corporation, whose headquarters' address is 2455 Paces Ferry Road, Atlanta, Georgia 30339. Upon information and belief, Home Depot delegated or assigned authority to Street Eats Limited and Best Vendor Management to enter into Food Service Operator Agreements with Local Vendors, such as Plaintiffs, at various Home Depot locations.

5. On June 12, 2002 and November 10, 2005, the Plaintiffs, Rose Bud Catering and Rosalie Asebedo, entered into separate Food Service Operator Agreements with the Defendants, Street Eats Limited and Best Vendor's Management. Street Eats Ltd., is a division or part of Best Vendors Management.

6. The Plaintiffs, Rose Bud Catering and Rosalie Asebedo, individually and as Colorado Company is the Food Service Operator and owner of two (2) separate food stands. The Plaintiffs provide and sells food to customers of Home Depot at these two Home Depot locations.

7. Plaintiff, Rose Bud Catering, has been operating their business at the Longmont Home Depot for five 5 years.

8. Plaintiffs allege there has been essential compliance with and no breach of any terms or conditions of either Agreement, no major or substantial issues between the parties; however Defendants did wrongfully require rent payments at location number 1521 for a 3 month period of time when extreme weather conditions at this Home Depot Store prevented Plaintiff from operating its business.

9. On May 24 and June 3, 2011 Vicki Turcotte, Client Services Manager for Street Eats Ltd., and Angela Lowe, sent E-mails, regarding Plaintiffs, to Peter P. Leckemby, Manager of Home Depot. Turcotte states that the Plaintiffs had not complied, had non-payments to THD and that Plaintiffs have been placed on many payment plans in which they were late paying. Plaintiff's allege that her E-mail misrepresented and defamed the character of Plaintiff, Rosalie Asebedo, in that it was patently false and incomplete.

10. Allegedly, Plaintiffs had confirmed payments for dates in which they were allowed by each Home Depot store to operate, which indicating they had consistently paid all of the rents due in

2

full. Without proof otherwise by Vicki Turcotte and Angela Lowe and the records provided to Street Eats by Rosebud confirming payment, the action by Defendants constitute a breach of contract, constitute misrepresentation against and defamation of character of the owners of Rose Bud Catering and Rosalie A. Asebedo to Peter P. Leckemby, a third party.

11. Allegedly, Plaintiffs have been in business for numerous years and have built up its a reputation and false statements are intended to destroy or diminish said reputation. Defendants failed to properly investigate or verify the payment history and the reasons for non-payment at the Home Depot Store Number 1521, which were caused by the conditions existing at the Longmont Home Depot Store.

12. On June 7, 2011, Defendant Street Eats Limited sent a Letter Notifying the Plaintiffs that
"... pursuant to Section 16 of the Agreement, Street Eat Limited is hereby terminating the agreement in regard to those facilities listed in Exhibit A."
The removal dates are scheduled for July 8, 2011. As a result, the June 12, 2002 and November 10, 2005 Food Service Agreements are being terminated after approximately nine (9) and five (5) years for the Plaintiffs who have served the public at each of the Home Depot locations for these respective period of times.

13. The May 24, 2011 E-mail states that Rose Bud Catering has failed to comply and there has been continual non-payment to the "THD". The title of the correspondence is boldly printed as
"**THD #1532 – ROSEBUD CATERING**NON PAYMENT THREE MONTHS PAST DUE*IMMEDIATE TERMINATION*".

14. On or about July 8, 2011, defendants intend and are planning to enter Plaintiffs' place of business, cease/disrupt operations and remove them from the premises identified as Store Number 1532, addressed as 3870 Quebec Street, Denver, Colorado 80207 and Store Number 1521, addressed as 393 South Hover Road, Longmont, Colorado 80501.

15. The Plaintiff has no adequate remedy at law for the injuries Plaintiff has suffered and will continue to suffer in the future unless Defendants and its agents or employees, conduct is restrained and enjoined because once removed from the premises, it will be impossible for Plaintiff to determine the precise amount of damages and no amount of money can restore Plaintiff's right to conduct business at the Longmont Home Depot location.

16. A Temporary Restraining Order will maintain the status quo of the parties by allowing the parties to operate pending trial on the merits.

17. The Temporary Restraining Order will not disserve the public interest because the public does not have an interest that should be protected when that interest is derived from breach of a contract and the business community must be able to rely on its contractual arrangements and agreements.

18. The balances of equities favor the issuance of the Temporary Restraining Order.

19. There is a high probability that the Plaintiff will prevail upon the merits of the present lawsuit.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

That pursuant to Rule 69, a Temporary Restraining Order shall be issued, enjoining Defendants from causing the Defendants to cease and desist terminating the Plaintiffs' business operation at the Longmont Home Depot location.

Pursuant to C.R.C.P. 65(c), security for the issuance of a Temporary Restraining Order is ~~waived.~~ ordered in the amount of $250.00  /sB/

A Hearing date for the determination of the Preliminary Injunction Order shall be scheduled on the following date:

July  13th , 2011.
9:00

DONE AND ORDERED this  8th  day of  July , 2011.

BY THE COURT:

_____
DISTRICT COURT JUDGE

4