**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01798-REB-BNB

ROSE BUD CATERING, and
ROSALIE ASEBEDO,

    Plaintiffs,
v.

STREET EATS LIMITED,
BEST VENDORS MANAGEMENT, INC., and
HOME DEPOT U.S.A., INC.,

    Defendants.

---

Civil Case No. 11-cv-01925-REB-MJW

ROSEBUD CATERING, and
ROSALIE ASEBEDO,

    Plaintiffs,
v.

STREET EATS LIMITED,
BEST VENORS MANAGEMENT, and
HOME DEPOT, U.S.A., INC.,

    Defendants.

---

## ORDER GRANTING UNOPPOSED MOTION TO CONSOLIDATE

**Blackburn, J.**

    The matter before me is the defendants' **Unopposed Motion To Consolidate Civil Action Nos. 11-cv-01798-REB-BNB and 11-cv-01925-REB-MJW** [#28][1] filed August 19, 2011. I grant the motion.

---

[1] "[#28]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, pertinently:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

**FED. R. CIV. P.** 42(a). This rule allows the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mutual Insurance Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)). The decision whether to consolidate cases is committed to my sound discretion. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

Both actions involve the same party plaintiffs and defendants, and it is clear that common questions of law and fact predominate in these two cases such that consolidation will be appropriate and efficacious.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendants' **Unopposed Motion To Consolidate Civil Action Nos. 11-cv-01798-REB-BNB and 11-cv-01925-REB-MJW** [#28] filed August 19, 2011, is **GRANTED**;

2. That under **FED. R. CIV. P.** 42(a)(2) and **D.C.COLO.LCivR** 42.1, Civil Action No. 11-cv-01925-REB-MJW is **CONSOLIDATED** with Civil Action No. 11-cv-01798-REB-BNB for all purposes;

3. That under **D.C.COLO.LCivR 42.1**, Civil Action No.11-cv-01925-REB-MJW  is **REASSIGNED** to Magistrate Judge Boyd N. Boland; and

4. That all future filings in these consolidated actions shall be captioned as shown below:

---

Civil Case No. 11-cv-01798-REB-BNB
(Consolidated with Civil Action No. 11-cv-01925-REB-BNB)

ROSE BUD CATERING, and
ROSALIE ASEBEDO,

    Plaintiffs,
v.

STREET EATS LIMITED,
BEST VENDORS MANAGEMENT, INC., and
HOME DEPOT U.S.A., INC.,

    Defendants.

---

Dated August 23, 2011, at Denver, Colorado.

                          **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge